CONCURRING OPINION BY
JUDGE COHN JUBELIRER
I concur with the Majority’s decision to affirm the Order of the Environmental Hearing Board (EHB) dismissing Andrew Lester’s appeal of a Department of Environmental Protection (DEP) administrative order requiring him to permanently close the underground storage tanks at Ken’s Keystone based upon his status as an “operator” under the Storage Tank and Spill Prevention Act (Storage Tank Act).[1]1 write separately to express my concern, similar to the EHB’s, that the language on DEP’s storage tank forms does not clearly communicate the responsibilities and potential liabilities under the Storage Tank Act and the applicable regulations that would arise by designating oneself as an “operator” on such forms, as Andrew Lester did at times in this case.
*468 I agree with the Majority that the record in its entirety supports the EHB’s conclusion that Andrew Lester was an operator of the tanks. However, I question whether Andrew Lester understood the nature of the forms he was signing or the responsibilities and liabilities that would be imposed upon him if he were determined to be an “operator” under the Storage Tank Act and applicable regulations.
The 2010 Storage Tank Registration Amendment Form, which Andrew Lester signed and checked “Facility Operator” below his signature, contains a certification that the person signing the form represents to DEP that he or she owns or represents the owner of the storage tank(s) and is “aware of the responsibilities and potential liabilities as an ‘owner’ arising under the Storage Tank ... Act ... and all applicable regulations.” (Supplemental Reproduced Record (S.R.R.) at 27b (emphasis added).) The other options on that form were “Facility Owner,” “Responsible Official,” and “Property Owner.” (Id.) On the 2009 and 2013 Underground Storage Tank Facility Operations Inspection Forms, Andrew Lester printed his name under “Representative Present During Inspection” and checked the box below that for “Operator.” (S.R.R. at 30b, 38b.) The other options on the forms were “Owner,” “Employee,” and “None.” To the right of that on the 2009 form, there is a name and address line for “Operator (if different than owner),” which was left blank. On the 2013 form, there are lines for “Owner (must be a person)” and “Operator (if different than owner),” both of which were left blank. Andrew Lester signed and printed “Manager” as his title on the 2009 form, and “Operator” as his title on the 2013 form. Above the signature line on both forms, there is a certification stating, inter alia, that the person signing the form is “the representative of the owner or operator” and that the person has reviewed the completed inspection report. (S.R.R. at 30b, 38b (emphasis added).)
Notably, the 2009 and 2013 inspection forms and the 2010 amendment form, in particular, say nothing about the responsibilities and potential liabilities of an “operator,” which I believe is problematic given that both owners and operators may be held liable under the Storage Tank Act and the applicable regulations.[2] Andrew Lester testified that he “really didn’t understand what [checking the box for “Operator”] meant[,]” that he saw himself as an employee, and further, with regard to his checking “Facility Operator” on the 2010 amendment form, Andrew Lester stated that he did so
because directly above that, it states that my signature represents to [DEP] that I own or represent the owner of the tanks and am aware of the responsibilities and potential liabilities as an owner ... [a]nd I wasn’t the owner. And I did not want to accept liability for the tanks. So I didn’t want to check owner or owner’s representative.
(Hr’g Tr. at 119, 126.) The EHB recognized that it was not clear “that ... [Andrew Lester] truly understood the nature of the forms or that his designation on the forms would impose legal obligations upon him.” (EHB Adjudication at 10-11.) The EHB further acknowledged the troubling nature of the many inconsistencies in how DEP communicated with Andrew Lester, in writing, about the tanks, “given the serious consequences that can result from a determination that a party is an operator,” and that “[t]hose persons who are potentially subject to ... [DEP’s] Storage Tank Act regulations and obligations de *469 serve clear communication from ... [DEP] regarding their status.” (Id. at 10-11 (emphasis added).)
Moreover, despite the fact that Andrew Lester was determined to be an operator based on his actions dating back to November of 2009, it appears there was some confusion as to who, exactly, would be considered an “operator” for purposes of the Storage Tank Act, and new regulations in that regard were promulgated a month later. While there is no dispute that both owners and operators are liable for the closure of underground storage tanks, the regulations provide that owners are required to designate and train operators and that facilities may not operate after August 8, 2012, unless operators have been designated and trained. See 25 Pa. Code § 245.436 (adopted Dec. 26, 2009).[3] The regulations also comprehensively explain the responsibilities and duties of each class of operators and the operator training requirements.[4] In his pre-hearing memorandum to the EHB, Andrew Lester claimed that he had not been trained. (Andrew Lester’s Pre-Hearing Memorandum, R.R. at 14a (asserting that “an operator also is specified as a class A, B or C operator. [A] class [C] operator must be trained before beginning their [sic] job duties. I was never trained or certified as a Class A, B or C operator[.]”).) The EHB did not address this contention in its adjudication. I also note that the “Operator Training” section on the 2013 inspection form was left blank, notwithstanding the tanks’ temporarily out-of-service designation. (S.R.R. at 44b.)
Based on these concerns, if the EHB and the Court would have relied on the forms Andrew Lester signed as the basis for finding him an “operator” of the tanks, I would require the EHB to more thoroughly consider the confusing nature of the forms. However, given the other evidence in this record upon which the EHB relied in finding Andrew Lester to be an “operator” of the tanks, including that almost all verbal communication from DEP about the facility was with Andrew Lester, he attended a meeting on his own with DEP to discuss the tanks’ violations, and he attempted to get deliveries of gasoline from a wholesale fuel provider on numerous occasions, I agree that the Order should be affirmed.

. Act of July 6, 1989, P.L. 169, as amended, 35 P.S. §§ 6021.101-6021.2104. “Operator” is defined as “[a]ny person who manages, supervises, alters, controls or has responsibility for the operation of a storage tank.” Section 103 of the Storage Tank Act, 35 P.S. § 6021.103; see also 25 Pa. Code § 245.1 (same definition).

. Section 502(c) of the Storage Tank Act, 35 P.S. § 6021.502(c), provides that both owners and operators are responsible for removing an underground storage tank and its contents upon the tank’s abandonment or discontinuance of use or active operation of the tank.

. DEP's storage tank regulations provide, in pertinent part, as follows:
(a) Requirement for trained operators.
(1) An owner shall designate Class A, Class B and Class C operators for each underground storage tank system or facility that has underground storage tanks permitted to operate by ... [DEP].
(2) A facility may not operate after August 8, 2012, unless operators have been designated and trained as required in this section, unless otherwise agreed upon by ... [DEP],
[[Image here]]
(4) Designated operators shall successfully complete required training under subsection (c) by August 8, 2012.
[[Image here]]
25 Pa. Code § 245,436(a)(1)-(2), (4).

. See 25 Pa. Code § 245.436(b)(l)-(3), (c)-(e).